**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

FILED-CLERK
U.S. DISTRICT COURT

2007 JUN 18  AM 10: 52

TX EASTERN-MARSHALL

BY_____

LG ELECTRONICS, INC.,

    **Plaintiff,**

    v.

HITACHI, LTD., FUJITSU HITACHI
PLASMA DISPLAY LTD., HITACHI
AMERICA LTD., and HITACHI HOME
ELECTRONICS (AMERICA) INC.,

    **Defendants.**

Civil Case No. **2 - 0 7 C V - 2 5 1**

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff LG Electronics, Inc ("LGE") brings this action for patent infringement against

Defendants Hitachi, Ltd , Fujitsu Hitachi Plasma Display Ltd., Hitachi America Ltd , and Hitachi

Home Electronics (America), Inc (hereinafter, individually and collectively, "the Hitachi

Defendants") and hereby alleges as follows:

### PARTIES

1.    Plaintiff LG Electronics, Inc is a foreign corporation organized and existing

under the laws of the Republic of Korea with its principal place of business at LG Twin Towers,

20 Yeouido-dong, Yeoungdeungpo-gu, Seoul, 150-721, South Korea. LGE designs, makes, and

sells many different products world-wide for consumer use including personal computers, mobile

telephone handsets, DVD recorders and players, washing machines, and, most relevant here,

plasma display TVs. LGE is the owner of record of the patents involved in this action

2. On information and belief, Hitachi, Ltd ("Hitachi") is a foreign corporation organized and existing under the laws of Japan with its principal place of business at 4-6 Kanda-Surugadai, Chiyoda-ku, Tokyo 101-8010, Japan Hitachi is a large entity involved in the design, manufacture, use, sale, importation and/or distribution of a wide-range of consumer electronics products including the plasma display products accused of infringement herein.

3. On information and belief, Fujitsu Hitachi Plasma Display Ltd. ("FHPD") is a foreign corporation organized and existing under the laws of Japan with its principal place of business at 1815 Tajiri, Kunitmoi-cho, Higashimorokata-gun, Miyazaki, Japan On information and belief, defendant Hitachi is an owner of defendant FHPD FHPD designs, manufactures, uses, sells, imports, and/or distributes plasma display products accused of infringement herein

4. On information and belief, Hitachi America Ltd. ("Hitachi America") is a New York corporation with its principal place of business at 2000 Sierra Point Parkway, No. 9, Brisbane, California Upon information and belief, Hitachi is a direct owner of Hitachi America Hitachi America designs, manufactures, uses, sells, imports, and/or distributes plasma display products accused of infringement herein.

5 On information and belief, Hitachi Home Electronics (America), Inc ("Hitachi Home Electronics") is a California corporation with its principal place of business at 900 Hitachi Way, Chula Vista, California Upon information belief, Hitachi is a direct or indirect owner of Hitachi Home Electronics Hitachi Home Electronics designs, manufactures, uses, sells, imports, and/or distributes plasma display products accused of infringement herein.

## JURISDICTION AND VENUE

6 This is an action for patent infringement arising under the patent laws of the United States, including 35 U S C § 271 This Court has subject matter jurisdiction pursuant to

2

28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq.

7.     This Court has personal jurisdiction over the Hitachi Defendants because each does business in Texas and in this judicial district and/or has infringed or caused infringement in Texas and in this judicial district.

8.     The Court has personal jurisdiction over the Hitachi Defendants because each has established minimum contacts with the forum and the exercise of jurisdiction over them would not offend traditional notions of fair play and substantial justice. On information and belief, the Hitachi Defendants knowingly and intentionally participate in a stream of commerce between, for example, Japan and the United States with a portion of such stream including sales of plasma display televisions and products (hereinafter the "accused PD products") that embody the system, practice the method, and/or produce the product covered by one or more claims of patents owned by LGE, as asserted in greater detail hereinafter. By way of example, the accused PD products include those ultimately sold and/or offered for sale within this judicial district under the Hitachi brand name such as, for example, plasma display TV's with model No. 55HDS69. In accordance with established distribution channels for the accused products, the Hitachi Defendants reasonably anticipated that accused PD products would end up in this district and be sold therein.

9.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

3

## FACTUAL BACKGROUND

10      LGE is the owner by assignment of all right, title, and interest in and to United
States Patent No. 6,621,230 ("the '230 patent"), entitled "Method for Operating PDP." The '230
patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO")
on September 16, 2003.

11.     LGE is the owner by assignment of all right, title, and interest in and to United
States Patent No. 6,624,587 ("the '587 patent"), entitled "Method and Apparatus for Driving
Plasma Display Panel." The '587 patent was duly and legally issued by the USPTO on
September 23, 2003.

12      LGE is the owner by assignment of all right, title, and interest in and to United
States Patent No. 6,791,516 ("the '516 patent"), entitled "Method and Apparatus for Providing a
Gray Level in a Plasma Display Panel." The '516 patent was duly and legally issued by the
USPTO on September 14, 2004

13      LGE is the owner by assignment of all right, title, and interest in and to United
States Patent No. 6,906,690 ("the '690 patent"), entitled "Method of Driving Plasma Display
Panel and Apparatus Thereof." The '690 patent was duly and legally issued by the USPTO on
June 14, 2005.

14.     This case is not the only one between the parties relating to plasma display
products  On April 23, 2007, Hitachi Plasma Panel Licensing Co., Ltd. ("HPPL"), an entity
which Hitachi owns an approximately 80% interest in, filed a lawsuit in this Court alleging
infringement by  LG Electronics, Inc. and LG Electronics U S A., Inc. of seven patents relating
to plasma display technology. That case is styled *Hitachi Plasma Panel Licensing Co., Ltd. V.*

*LG Electronics, Inc and LG Electronics U S A* , Case No  2:07-cv-0155-TJW (E D  Texas) (J
Ward).

15.   On the same day that the Texas case was filed, another named Hitachi entity filed
a lawsuit in the United States District Court for the Northern District of California relating to the
same patents at issue here - the '230, '587, '516 and '690 patents  Specifically, on April 23,
2007, defendant FHPD (which, as noted, upon information and belief, is an entity owned by
Hitachi, Ltd ), filed an action seeking a declaratory judgment of non-infringement and invalidity
of the '230, '587, '516 and '690 patents ("the California DJ case")  The California DJ case is
styled *Fujitsu Hitachi Plasma Display Ltd  v  LG Electronics, Inc.*, C-07-2201-JCS (N.D. Cal.).

16    On the date of filing this complaint, LGE has filed a separate complaint against
the Hitachi Defendants alleging infringement by the Hitachi Defendants of certain LGE patents
not asserted in either this case or in the California DJ case.

17.   Although the instant action was filed after the California DJ case in the Northern
District of California involving the same patents, the California DJ case was improvidently filed
by one Hitachi entity without a basis to seek declaratory relief thus requiring dismissal and, in
any event,  this Court is the proper forum for adjudicating the patent disputes relating to plasma
display technology between LGE and the various Hitachi entities, a point starkly emphasized by
virtue of Hitachi's filing of its own patent infringement action here  For that reason, LGE has
filed today in the Northern District of California a Motion to Dismiss or, in the Alternative,
Transfer to this Court  A convenience copy of LGE's Motion to Dismiss or, in the Alternative,
Transfer is being filed with this Court contemporaneously herewith

## COUNT 1 - INFRINGEMENT OF THE '230 PATENT

18.   LGE realleges and incorporates herein by reference the allegations in paragraphs 1-17 above

19   The Hitachi Defendants are directly infringing, contributing to the infringement of, or inducing others to infringe the '230 patent by, for example, making, using, offering to sell, or selling the accused PD products within, or importing the accused PD products into, the United States, or inducing others to make, use, offer to sell, or sell the accused PD products within, or import the accused PD products into, the United States.

20   As a result of the Hitachi Defendants' unlawful infringement of the '230 patent, LGE has suffered and will continue to suffer damage.  LGE entitled to recover damages adequate to compensate for that infringement.

21   The Hitachi Defendants' acts of infringement herein have been made with full knowledge of LGE's rights in the '230 patent   Such acts constitute willful and deliberate infringement, entitling LGE to enhanced damages and reasonable attorney fees

22   The Hitachi Defendants' acts of infringement have caused and will continue to cause irreparable injury to LGE unless and until enjoined by this Court

## COUNT 2 - INFRINGEMENT OF THE '587 PATENT

23   LGE realleges and incorporates herein by reference the allegations in paragraphs 1-22 above.

24.   The Hitachi Defendants are directly infringing, contributing to the infringement of, or inducing others to infringe the '587 patent by, for example, making, using, offering to sell, or selling the accused PD products within, or importing the accused PD products into, the United

States, or inducing others to make, use, offer to sell, or sell the accused PD products within, or import the accused PD products into, the United States.

25. As a result of the Hitachi Defendants' unlawful infringement of the '587 patent, LGE has suffered and will continue to suffer damage. LGE entitled to recover damages adequate to compensate for that infringement.

26. The Hitachi Defendants' acts of infringement herein have been made with full knowledge of LGE's rights in the '587 patent. Such acts constitute willful and deliberate infringement, entitling LGE to enhanced damages and reasonable attorney fees.

27 The Hitachi Defendants' acts of infringement have caused and will continue to cause irreparable injury to LGE unless and until enjoined by this Court.

## COUNT 3 - INFRINGEMENT OF THE '516 PATENT

28. LGE realleges and incorporates herein by reference the allegations in paragraphs 1-27 above.

29 The Hitachi Defendants are directly infringing, contributing to the infringement of, or inducing others to infringe the '516 patent by, for example, making, using, offering to sell, or selling the accused PD products within, or importing the accused PD products into, the United States, or inducing others to make, use, offer to sell, or sell the accused PD products within, or import the accused PD products into, the United States.

30. As a result of the Hitachi Defendants' unlawful infringement of the '516 patent, LGE has suffered and will continue to suffer damage. LGE entitled to recover damages adequate to compensate for that infringement.

31. The Hitachi Defendants' acts of infringement herein have been made with full knowledge of LGE's rights in the '516 patent. Such acts constitute willful and deliberate infringement, entitling LGE to enhanced damages and reasonable attorney fees.

32. The Hitachi Defendants' acts of infringement have caused and will continue to cause irreparable injury to LGE unless and until enjoined by this Court.

## COUNT 4 - INFRINGEMENT OF THE '690 PATENT

33. LGE realleges and incorporates herein by reference the allegations in paragraphs 1-32 above.

34. The Hitachi Defendants are directly infringing, contributing to the infringement of, or inducing others to infringe the '690 patent by, for example, making, using, offering to sell, or selling the accused PD products within, or importing the accused PD products into, the United States, or inducing others to make, use, offer to sell, or sell the accused PD products within, or import the accused PD products into, the United States.

35. As a result of the Hitachi Defendants' unlawful infringement of the '690 patent, LGE has suffered and will continue to suffer damage. LGE entitled to recover damages adequate to compensate for that infringement.

36. The Hitachi Defendants' acts of infringement herein have been made with full knowledge of LGE's rights in the '690 patent. Such acts constitute willful and deliberate infringement, entitling LGE to enhanced damages and reasonable attorney fees.

37. The Hitachi Defendants' acts of infringement have caused and will continue to cause irreparable injury to LGE unless and until enjoined by this Court.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff LGE demands a jury trial on all issues so triable

## PRAYER FOR RELIEF

Wherefore, Plaintiff LGE prays that this Court:

(1)     Enter judgment that the Hitachi Defendants have infringed the '230, '587, '516, and '690 patents;

(2)     Permanently enjoin the Hitachi Defendants and their officers, agents, employees, representatives, successors and assigns, and any others acting in concert with them, from infringing the '230, '587, '516, and '690 patents;

(3)     Award LGE damages resulting from the Hitachi Defendant's infringement adequate to compensate for that infringement, including pre- and post-judgment interest as allows by law;

(4)     Award LGE treble damages as a result of the Hitachi Defendants' willful infringement;

(5)     Award LGE its costs in this action, declare that this case is an exceptional one under 35 U.S.C. § 285, and award LGE its reasonable attorney's fees; and

(6)     Award LGE such further, necessary and proper relief as this Court may deem just and reasonable

Dated:  June 18, 2007

Respectfully submitted,

By: _____

Melissa Richards Smith
Texas State Bar No. 24001351
E-mail: melissa@gillamsmithlaw.com
303 S Washington Ave
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Michael J. McKeon
 Lead Attorney
 DC Bar No  459780
 E-mail:  mckeon@fr.com
Joseph V. Colaianni, Jr  *(pro hac vice)*
 E-mail:  colaianni@fr.com
Ralph A. Philips  *(pro hac vice)*
 E-mail:  philips@fr.com
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, DC  20005
Telephone:  (202) 783-5070
Facsimile:  (202) 783-2331

Counsel for Plaintiff LG ELECTRONICS, INC.